IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TOM ISHIMARU, | CIVIL NO. 19-00152 JAO-RT |
| Appellant, | ORDER GRANTING MOTION TO DISMISS APPEAL |
| vs. | |
| KLEVANSKY PIPER, LLP, | |
| Appellee. | |

## ORDER GRANTING MOTION TO DISMISS APPEAL

Appellee Klevansky Piper, LLP ("Appellee") seeks to dismiss Appellant Tom Ishimaru's ("Appellant") appeal of the bankruptcy court's Order Granting First Interim Fee Application of Klevansky Piper LLP as Special Counsel for Chapter 7 Trustee Dane S. Field for Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred During the Period August 31, 2015 through September 30, 2018, Filed on January 25, 2019 ("Interim Fee Order"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the U.S. District Court for the District of Hawaii.

The Court GRANTS the Motion and DISMISSES the appeal for the reasons articulated below.

DISCUSSION

Appellee argues that the appeal should be dismissed because Appellant failed to seek leave to appeal the Interim Fee Order, an interlocutory order.[1] Appellant did not file a response to the Motion.

A party appealing a bankruptcy judge's interlocutory order must obtain leave of court. 28 U.S.C. § 158(a)(3); *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995) ("In order for an interlocutory appeal to be heard, a motion for leave to appeal must be filed pursuant to Fed.R.Bankr.P. 8001(b) and 8003."). Appellant has not sought leave of court to appeal the Interim Fee Order. However, the Court may treat the timely-filed appeal as a motion for leave to appeal. *In re Kashani*, 190 B.R. at 882. In determining whether to grant leave, courts look to the standards set forth in 28 U.S.C. § 1292(b). *Id.* "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* (citations omitted); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party pursuing an interlocutory appeal bears the burden of

---

[1] Orders awarding interim fees are interlocutory orders because they "are always subject to the court's reexamination and adjustment during the course of the case." *In re Stewart*, 157 B.R. 893, 895 (B.A.P. 9th Cir. 1993) (citations omitted); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).

establishing that the foregoing requirements have been met. *Couch*, 611 F.3d at 633.

Although the validity of an appeal is not affected by an "appellant's failure to take any step other than the timely filing of a notice of appeal," the district court may "act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

Here, Appellant has not addressed, let alone met § 1292(b)'s standards. The Interim Fee Order does not involve a controlling issue of law, it does not appear that there are substantial grounds for difference of opinion, and there is no evidence that an immediate appeal would materially advance the ultimate termination of the litigation. Because Appellant has failed to establish that leave to appeal the Interim Fee Order is appropriate, the Court, exercising its discretion, declines to authorize leave to appeal and GRANTS Appellee's Motion.

## CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS Appellee's Motion to Dismiss Appeal, filed July 1, 2019, and DISMISSES this appeal. Given the disposition of the Motion, the August 9, 2019 hearing is VACATED.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, August 2, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00152 JAO-RT; *Ishimaru v. Klevansky Piper, LLC*; ORDER GRANTING MOTION TO DISMISS APPEAL